UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
EWA MOSZCZYNSKA, :

                Plaintiff, :    07-cv-11088 (DC) (HBP)

      - against - :

URS CORPORATION LONG TERM DISABILITY :    **ANSWER**
PLAN and LIFE INSURANCE COMPANY OF NORTH
AMERICA, :

                Defendants. :

    :
------------------------------------------------------------x

      Defendants URS Corporation Long Term Disability Plan and Life Insurance Company of North America, by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their Answer to Plaintiff's Complaint, responds as follows:

### JURISDICTION AND VENUE

      1.    Defendants neither admit nor deny the allegations in paragraph "1" of the Complaint but refer the Court to the statute(s) referenced therein.

      2.    Defendants deny the allegations in paragraph "2" of the Complaint and otherwise but refer the Court to the statute(s) referenced therein.

      3.    Defendants neither admit nor deny the allegations in paragraph "3" of the Complaint but refer the Court to the statute(s) referenced therein.

      4.    Defendants admit the allegations in paragraph "4" of the Complaint to the extent that URS is the plan administrator and has an office located at One Penn Plaza, Suite 610, New York, New York 10119, but Defendants deny the remainder of the allegations therein.

1875445.1

## NATURE OF ACTION

5.  Defendants neither admit nor deny the allegations in paragraph "5" of the Complaint but leave Plaintiff to establishing proof thereof.

6.  Defendants admit the allegations in paragraph "6" of the Complaint regarding the plan and the applicability of ERISA but deny that "[s]aid benefits were effective at all time relevant hereto."

7.  Defendants admit the allegations in paragraph "7" of the Complaint.

## STANDARD OF REVIEW

8.  Defendants deny the allegations in paragraph "8" of the Complaint.

9.  Defendants deny the allegations in paragraph "9" of the Complaint.

## THE PARTIES

10. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph "10" of the Complaint.

11. Defendants admit the allegations in paragraph "11" of the Complaint.

12. Defendants admit the allegations in paragraph "12" of the Complaint to the extent that LINA is the claims administrator with respect to the subject policy, and its address is 1601 Chestnut Street, Philadelphia, Pennsylvania 19101, but Defendants deny the remainder of the allegations therein.

## STATEMENT OF FACTS

Plaintiff's Occupation:

13. Defendants admit the allegations in paragraph "13" of the Complaint to the extent that Plaintiff became an employee of URS on December 7, 1987, and that she was a participant in the LTD plan, but Defendants deny the remainder of the allegations therein.

1875445.1

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph "14" of the Complaint.

15. Defendants admit the allegations in paragraph "15" of the Complaint to the extent that Plaintiff was employed by URS as a Civil Highway Engineer but lacks knowledge and information sufficient to form a belief as to the remainder of the allegations in the paragraph.

16. Defendants admit the allegations in paragraph "16" of the Complaint to the extent that Plaintiff's income was approximately $70,720.00 per year.

17. Defendants admit the allegations in paragraph "17" of the Complaint.

The Terms of the LTD Plan:

18. Defendants admit the allegations in paragraph "18" of the Complaint.

19. Defendants deny the allegations in paragraph "19" of the Complaint.

20. Defendants admit the allegations in paragraph "20" of the Complaint.

21. Defendants admit the allegations in paragraph "21" of the Complaint.

22. Defendants admit the allegations in paragraph "22" of the Complaint to the extent that the approximate benefit before offset would be $3,929, but Defendants deny that the policy specifically addresses Plaintiff's case or her benefit calculation.

23. Defendants admit the allegations in paragraph "23" of the Complaint.

24. Defendants admit the allegations in paragraph "24" of the Complaint.

25. Defendants deny the allegations in paragraph "25" of the Complaint.

26. Defendants neither admit nor deny the allegations in paragraph "26" of the Complaint but refer the Court to the plan documentation referenced therein, which documentation is the best evidence of its contents.

27. Defendants admit the allegations in paragraph "27" of the Complaint.

28. Defendants neither admit nor deny the allegations in paragraph "28" of the Complaint but refer the Court to the plan documentation referenced therein, which documentation is the best evidence of its contents.

29. Defendants admit the allegations in paragraph "29" of the Complaint.

30. Defendants neither admit nor deny the allegations in paragraph "30" of the Complaint but refer the Court to the plan documentation referenced therein, which documentation is the best evidence of its contents.

31. Defendants admit the allegations in paragraph "31" of the Complaint to the extent that Plaintiff signed a Reimbursement Agreement in October 2003 but refer the Court to the contract documentation referenced therein, which documentation is the best evidence of its contents.

Plaintiff's Disability:

32. Defendants deny the allegations in paragraph "32" of the Complaint.

33. Defendants neither admit nor deny the allegations in paragraph "33" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

34. Defendants neither admit nor deny the allegations in paragraph "34" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

35. Defendants neither admit nor deny the allegations in paragraph "35" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

36. Defendants neither admit nor deny the allegations in paragraph "36" of the Complaint but refer the Court to the medical documentation referenced therein, which documentation is the best evidence of its contents.

37. Defendants neither admit nor deny the allegations in paragraph "37" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

38. Defendants neither admit nor deny the allegations in paragraph "38" of the Complaint but refer the Court to the medical documentation referenced therein, which documentation is the best evidence of its contents.

39. Defendants neither admit nor deny the allegations in paragraph "39" of the Complaint but refer the Court to the medical documentation relative to such allegations and referenced therein, which documentation is the best evidence of its contents.

40. Defendants neither admit nor deny the allegations in paragraph "40" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

41. Defendants neither admit nor deny the allegations in paragraph "41" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

42. Defendants neither admit nor deny the allegations in paragraph "42" of the Complaint but refer the Court to the medical documentation referenced therein, which documentation is the best evidence of its contents.

43. Defendants neither admit nor deny the allegations in paragraph "43" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

44. Defendants neither admit nor deny the allegations in paragraph "44" of the Complaint but refer the Court to the medical documentation referenced therein, which documentation is the best evidence of its contents.

45. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph "45" of the Complaint.

PLAINTIFF'S FIRST CAUSE OF ACTION FOR LONG-TERM DISABILITY BENEFITS

46. Defendants admit the allegations in paragraph "46" of the Complaint to the extent that Plaintiff ceased working on or about June 10, 2002.

47. Defendants deny the allegations in paragraph "47" of the Complaint.

48. Defendants deny the allegations in paragraph "48" of the Complaint.

49. Defendants admit the allegations in paragraph "49" of the Complaint to the extent that the referenced letter is dated September 22, 2005.

50. Defendants deny the allegations in paragraph "50" of the Complaint.

51. Defendants neither admit nor deny the allegations in paragraph "51" of the Complaint but refer the Court to the medical documentation relative to such allegations, which documentation is the best evidence of its contents.

52. Defendants deny the allegations in paragraph "52" of the Complaint.

53. Defendants admit the allegations in paragraph "53" of the Complaint.

54. Defendants deny the allegations in paragraph "54" of the Complaint.

55. Defendants deny the allegations in paragraph "55" of the Complaint.

56. Defendants admit the allegations in paragraph "56" of the Complaint to the extent that Plaintiff was awarded Social Security Disability Benefits.

57. Defendants neither admit nor deny the allegations in paragraph "56" of the Complaint but refer the Court to the disability documentation referenced therein, which documentation is the best evidence of its contents.

58. Defendants deny the allegations in paragraph "58" of the Complaint.

59. Defendants deny the allegations in paragraph "59" of the Complaint.

60. Defendants neither admit nor deny the allegations in paragraph "60" of the Complaint but refer the Court to the letter documentation referenced therein, which documentation is the best evidence of its contents.

61. Defendants neither admit nor deny the allegations in paragraph "61" of the Complaint but refer the Court to the letter documentation referenced therein, which documentation is the best evidence of its contents.

62. Defendants admit the allegations in paragraph "62" of the Complaint and refer the Court to the letter referenced therein, which letter is the best evidence of its contents.

63. Defendants deny the allegations in paragraph "63" of the Complaint.

64. Defendants deny the allegations in paragraph "64" of the Complaint.

65. Defendants admit the allegations in paragraph "65" of the Complaint to the extent that LINA's determination was based, *in part*, on the review of Randall Unsell, M.D.

66. Defendants deny the allegations in paragraph "66" of the Complaint.

67. Defendants deny the allegations in paragraph "67" of the Complaint.

68. Defendants neither admit nor deny the allegations in paragraph "68" of the Complaint but refer the Court to the letter documentation referenced therein, which documentation is the best evidence of its contents.

69. Defendants neither admit nor deny the allegations in paragraph "69" of the Complaint but refer the Court to the letter documentation referenced therein, which documentation is the best evidence of its contents.

70. Defendants admit the allegations in paragraph "70" of the Complaint and refer the Court to the letter referenced therein, which letter is the best evidence of its contents.

71. Defendants admit the allegations in paragraph "71" of the Complaint to the extent that LINA's determination was based, *in part*, on the reviews of I. Jack Abramson, M.D. and Dan Gerstenblitt, M.D.

72. Defendants deny the allegations in paragraph "72" of the Complaint.

73. Defendants deny the allegations in paragraph "73" of the Complaint.

74. Defendants deny the allegations in paragraph "74" of the Complaint.

75. Defendants neither admit nor deny the allegations in paragraph "75" of the Complaint but refer the Court to the law referenced therein.

76. Defendants neither admit nor deny the allegations in paragraph "76" of the Complaint but refer the Court to the law referenced therein.

77. Defendants neither admit nor deny the allegations in paragraph "77" of the Complaint but refer the Court to the law referenced therein.

78. Defendants deny the allegations in paragraph "78" of the Complaint.

79. Defendants deny the allegations in paragraph "79" of the Complaint.

80. Defendants neither admit nor deny the allegations in paragraph "80" of the Complaint but refer the Court to the law and plan documentation referenced therein.

81. Defendants deny the allegations in paragraph "81" of the Complaint.

82. Defendants neither admit nor deny the allegations in paragraph "82" of the Complaint but refer the Court to the law referenced therein.

83. Defendants deny the allegations in paragraph "83" of the Complaint.

84. Defendants deny the allegations in paragraph "84" of the Complaint.

85. Defendants deny the allegations in paragraph "85" of the Complaint.

## RELIEF REQUESTED

a. Defendants deny that Plaintiff is entitled to the relief alleged in paragraph "a" of the Complaint.

b. Defendants deny that Plaintiff is entitled to the relief alleged in paragraph "b" of the Complaint.

c. Defendants deny that Plaintiff is entitled to the relief alleged in paragraph "c" of the Complaint.

d. Defendants deny that Plaintiff is entitled to the relief alleged in paragraph "d" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in good faith and fulfilled their duties and responsibilities to Plaintiff.

1875445.1

THIRD AFFIRMATIVE DEFENSE

The causes of action set forth in the Complaint are barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants or their agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of the plan.

FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants or their agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious, or unreasonable manner, or in a manner that would amount to an abuse of discretion.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policy issued by Defendants.

EIGHTH AFFIRMATIVE DEFENSE

In the event that this Court were to determine that Plaintiff is entitled to long-term disability benefits under the plan, Plaintiff's claims are subject to the doctrines of setoff and recoupment to the extent that she is receiving or has received other benefits which qualify as Other Income Benefits under the plan and reduce the amount of any long-term disability benefit payable to her under the plan.

## NINTH AFFIRMATIVE DEFENSE

Venue as pleaded by the Plaintiff may be improper.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         February 20, 2008

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    /s/ Matthew D. Donovan
       Matthew D. Donovan (MD 2940)
       Fred. N. Knopf (FNK 4625)
       3 Gannett Drive
       White Plains, NY 10604
       Phone (914) 323-7000
       Facsimile (914) 323-7001

1875445.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2008, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew D. Donovan
Matthew D. Donovan (MD 2940)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001

1875445.1